## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

**WELLS FARGO & COMPANY,**

                         **Plaintiff,**

v.

**(1) WHISKEY CHICKS RESTAURANT,**

**(2) KEVIN MCCRACKEN, an individual,**

**and**

**(3) JOHN DOES 1-10,**

                      **Defendants.**

Case No. CIV-14-988-M

**DEMAND FOR JURY TRIAL**

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Wells Fargo & Company ("Wells Fargo" or "Plaintiff"), brings this action against Defendants Kevin McCracken, Whiskey Chicks Restaurant and John Does 1-10 (collectively "Defendants") and states and alleges as follows:

### PARTIES

1.     Wells Fargo is a corporation duly organized and existing under the laws of the state of Delaware, having its principal place of business located at 420 Montgomery Street, San Francisco, CA 94104.

2.     Defendant Kevin McCracken ("McCracken") is an individual who, on information and belief, is the President and owner of Defendant Whiskey Chicks Restaurant located at 115 East Reno Avenue, Oklahoma City, OK 73104.   On information and belief, McCracken resides in this Judicial District.

3.     On information and belief, Defendant Whiskey Chicks Restaurant ("Whiskey Chicks") is an Oklahoma company, with a principal place of business located at 115 East Reno Avenue, Oklahoma City, OK 73104.

4.     Defendants John Does 1-10 are believed to be individuals, an association and the owners of the building in which Defendants McCracken and Whiskey Chicks operate a restaurant business.  Upon information and belief, John Does 1-10 have acted to assist, encourage and aid Defendants McCracken and Whiskey Chicks to continue to take actions which are the basis for the Complaint.

5.     Plaintiff is informed, believes and thereon alleges that at all times relevant hereto Defendant McCracken was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the Defendant Whiskey Chicks and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and that each Defendant actively participated in or subsequently ratified and adopted, or both, each and all of the acts and conduct alleged herein with full knowledge of all the surrounding facts and circumstances, including full knowledge of each and every violation of Plaintiff's rights alleged herein and of the damages that Plaintiff suffered as a result thereof.

## JURISDICTION AND VENUE

6.     This is an action for infringement of federally registered trademarks and federal unfair competition arising under the Lanham Act, 15 U.S.C. § 1114, *et seq.*, for

unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a), and common law trademark violations, unfair competition and unjust enrichment.

7.    This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and supplemental jurisdiction over the common law count. Venue is proper in this district pursuant to § 1391(b) and (c).

8.    The claims set forth below occurred in Oklahoma County, Oklahoma and, thus, venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL FACTUAL ALLEGATIONS

9.    Wells Fargo is, and for decades has been, engaged in providing a wide range of services and goods, including, but not limited to, quality banking and financial services to the public under numerous well-known service marks, trade names, and trademarks, including but not limited to, the famous WELLS FARGO® mark.

10.   Wells Fargo is the registered owner of the mark WELLS FARGO®.  The WELLS FARGO® mark is registered with the United States Patent and Trademark office as Registration Nos. 779,187; 1,131,103; 1,136,497; 1,138,966; 1,167,626; 1,274,680; 2,555,996; 2,555,997; 2,561,807; 2,597,836; 2,617,850; 2,688,407; 2,694,042; 2,800,535; 2,808,874; 2,810,815; 2,810,816; and 3,626,451 for a wide variety of goods and services. The WELLS FARGO® mark has been continuously used since the dates stated in the registrations.  True and correct copies of Plaintiff's WELLS FARGO® registrations are attached hereto as **Exhibit 1**.  Each of these registrations is valid and enforceable.

Pursuant to 15 U.S.C. § 1065, Wells Fargo's rights in many of these registrations are incontestable.

11.    The WELLS FARGO® mark is known throughout the United States as identifying Plaintiff as a source of, *inter alia*, quality banking and financial services. Plaintiff spends millions of dollars each year on advertising and marketing featuring its famous marks.

12.    The WELLS FARGO® mark is of great and incalculable value to Plaintiff, is highly distinctive and arbitrary, and has become associated in the public mind with, *inter alia*, banking and financial products and services of the highest quality and reputation originating with Plaintiff.

13.    Plaintiff's extensive use in interstate commerce of the WELLS FARGO® mark in the United States has caused the public and members of the banking and financial services trade to associate goods and services bearing the WELLS FARGO® mark with Plaintiff and Plaintiff alone.

14.    Plaintiff closely controls the use and reproduction of its WELLS FARGO® mark to ensure that all of their current and potential customers can rely upon those marks as signifying quality, *inter alia*, banking and financial services.

15.    Plaintiff's substantial investment in and use of its marks has helped Plaintiff to realize substantial revenue from their banking and financial services business.

## DEFENDANTS' ILLEGAL ACTIONS

16.    After the WELLS FARGO® mark had been prominently used and promoted, Plaintiff received complaints regarding a large sign for "Wells Fargo" above the door of the Whiskey Chicks Restaurant.  Fair reading of the restaurant signage communicates to consumers and potential consumers, that the restaurant name is WELLS FARGO WHISKEY CHICKS.  As a result of this signage, Defendants convey the false and misleading impression that the restaurant is somehow affiliated with, endorsed by, owned by, or in some manner affiliated with, Wells Fargo.  A true and correct image of this signage is attached hereto as **Exhibit 2**.  Plaintiff did not create this sign, nor did they authorize Defendants to do so.

17.    On December 5, 2013, counsel for Plaintiff sent Defendants a letter demanding that Defendants cease using the WELLS FARGO® mark in connection with the false and misleading sign outside of its establishment.  A true and correct copy of this letter is attached hereto as **Exhibit 3**.  While Defendants agreed to remove the signage, they have not done so and have refused to act on the original representations made. Wells Fargo has sent multiple letters to Defendants regarding the continued infringement of the WELLS FARGO® mark and the failure to remove the signage at issue.  Attached hereto as **Exhibit 4** are true and correct copies of the correspondence.  Defendants have not complied with the demands and referred to John Does 1-10 as being responsible for the continued infringement.

18.    All statements and uses of Plaintiff's trademarks, including the WELLS FARGO® mark, are made without the approval of Plaintiff and, on information and

belief, are designed to intentionally deceive consumers as to the relationship between Plaintiff and Defendants.

19.    Defendants have no affiliation, association or connection whatsoever with Plaintiff.  Plaintiff does not sponsor, approve, or authorize any of Defendants' activities, including their creation and use of the sign outside of its establishment.  The sign attached as **Exhibit 2** does not originate from Plaintiff or any affiliate of Plaintiff.

20.    Defendants' use of the WELLS FARGO® mark is likely to cause confusion or cause the public to falsely believe that Plaintiff is in some way affiliated or connected with Defendants' activities related to the sign.

21.    Defendants' unauthorized use of the WELLS FARGO® mark has caused and is causing Plaintiff irreparable harm.  It is impossible to know how many persons have been confused by Defendants' unauthorized use of the WELLS FARGO® mark or who have been deceived to believe that Plaintiff authorized, sponsored, or approved of Defendants' use or that Defendants are affiliated or connected in any way with Plaintiff.

22.    Defendants' unauthorized use of the WELLS FARGO® mark caused and continues to cause irreparable damage to the reputation and goodwill of Plaintiff, which have no control over Defendants' activities.

23.    Actual confusion, on information and belief, has occurred as a result of Defendants' actions.

24.    Defendants have engaged in the conduct described above willfully, intentionally, knowingly, maliciously, wantonly, oppressively, and in reckless disregard of the obvious and inevitable injurious consequences of its conduct.  On information and

belief, Defendants have a bad-faith intent to trade on and profit from Plaintiff's goodwill and reputation and to confuse and mislead the public.

## FIRST CLAIM FOR RELIEF

### Violation of Lanham Act for Intentional Infringement
### 15 U.S.C. § 1114(1)

25.     Plaintiff re-alleges and incorporates by reference the allegations set forth above in paragraphs 1 through 24.

26.     Defendants willfully, knowingly, and intentionally used in interstate commerce the WELLS FARGO® mark without Plaintiff's consent or authorization.

27.     Defendants' infringement of the WELLS FARGO® mark is likely to cause confusion, or to cause mistake, or to deceive the consuming public in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114(1)).

28.     Defendants' unlawful acts have caused and continue to cause Plaintiff to suffer damages, including the loss of sales and profits Plaintiff would have made but for Defendants' acts, in an amount to be proved at trial.  Defendants' unlawful acts have caused and continue to cause irreparable injury to the integrity of Plaintiff's marks, and to Plaintiff's business reputation and goodwill.

29.     Plaintiff's remedies at law cannot adequately compensate them for the ongoing injuries threatened by Defendants' continuing conduct.  Unless Defendants are restrained and enjoined through the issuance of an injunction, Defendants will continue to commit unlawful acts, causing Plaintiff to suffer further irreparable injury.

30.     Because Defendants' infringement is intentional, Plaintiff is entitled to treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### Violation of Lanham Act for False Designation of Origin
### 15 U.S.C. §1125(a)

31.     Plaintiff re-alleges and incorporates by reference the allegations set forth above in paragraphs 1 through 30.

32.     Defendants' unauthorized use of the WELLS FARGO® mark to identify their goods and services is likely to cause confusion, to cause mistake, or to deceive the consuming public as to the origin, sponsorship, or approval of defendants' commercial activities and products by Plaintiff.

33.     Defendants' acts constitute false designation of origin, source, or sponsorship and false or misleading descriptions and representations in violation of section 43 of the Lanham Act (15 U.S.C. § 1125(a)).  Such acts by the Defendants were knowing, willful, and intentional.

34.     Plaintiff's remedies at law cannot adequately compensate them for the ongoing injuries threatened by Defendants' continuing conduct.  Unless Defendants are restrained and enjoined through the issuance of an injunction, they will continue to commit unlawful acts, causing Plaintiff to suffer further irreparable injury.  Accordingly, Plaintiff is entitled to actual damages in excess of $75,000 in an amount to be determined at trial.

35.    Because Defendants' infringement is intentional, Plaintiff is entitled to treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### Dilution
### 15 U.S.C. §1125(c)

36.    Plaintiff re-alleges and incorporates by reference the allegations set forth above in paragraphs 1 through 35.

37.    Defendants' acts complained of herein constitute dilution of the distinctive quality of Plaintiff's marks, in violation of 15 U.S.C. §1125(c).  Accordingly, Plaintiff is entitled to actual damages in excess of $75,000 in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

38.    Plaintiff re-alleges and incorporates by reference the allegations set forth above in paragraphs 1 through 37.

39.    Defendants' acts complained of herein constitute unfair competition in violation of the common law of Oklahoma.  Accordingly, Plaintiff is entitled to actual and punitive damages in excess of $75,000 in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### Deceptive Trade Practices

40.    Plaintiff re-alleges and incorporates by reference the allegations set forth above in paragraphs 1 through 39.

41.     The acts of Defendants, as alleged herein, constitute a violation of the Oklahoma Deceptive Trade Practices Act (78 O.S. §§51 *et seq.*).

42.     These wrongful acts have caused and will continue to cause Plaintiff substantial injury, including dilution of its goodwill, confusion of existing and potential customers, injury to reputation, and diminution of the value of its products and services. Accordingly, Plaintiff is entitled to actual and punitive damages in excess of $75,000 in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants as follows:

A.     That the Court grant permanent injunctive relief against Defendants, their agents, servants, employees, attorneys, successors, licensees, and assigns, and anyone acting in concert or privity with Defendants, jointly and severally:

(1)     from using the WELLS FARGO® mark or any other similar term or terms likely to cause confusion therewith, in connection with the advertisement, marketing, distribution, sale or offer for sale of its goods and/or services;

(2)     from unfairly competing with Plaintiff;

(3)     from using any other trademark, service mark, trade name, corporate name, word or symbol or doing any other acts likely to induce the belief that Defendants' commercial activities, products, services or business are Plaintiff's commercial activities, products, services or business or that

Defendants are in any way authorized or sponsored by or connected, endorsed, or associated with Plaintiff or with Plaintiff's commercial activities, products, services or business; and

(4)   with such injunction including a provision directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after the service on Defendants of such injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

B.   That the Court order Defendants to deliver to the Court for impoundment and destruction any and all letters, advertising, circulars, price lists, signs, banners, business stationery, prints, packages, labels, containers, freights, cartons, receptacles, wrappers, art work and other materials in their possession or custody or under their control that infringe Plaintiff's WELLS FARGO® mark and any other of Plaintiff's trademarks, service marks, or trade name;

C.   That the Court order Defendants to pay Plaintiff damages in an amount sufficient to compensate it for its losses arising from Defendants' actions, including lost profits, loss of business reputation, costs in bringing the action, and any and all costs of corrective advertising;

D.   That the Court order an equitable accounting for the payment to Plaintiff of any and all sales and/or profits derived from Defendants from the actions which form the basis of the Complaint related to all unauthorized and infringing use of "WELLS FARGO;"

E.     That the Court award treble damages to Plaintiff, together with costs, interest and attorneys' fees as permitted by 15 U.S.C. § 1117(a);

F.     That the Court award Plaintiff punitive damages in an amount to punish Defendants and deter such conduct in the future;

D.     That the Court award Plaintiff such sum or sums as the Court may find to be just pursuant to 15 U.S.C. § 1117(a);

E.     That the Court award Plaintiff their costs and attorneys' fees in prosecuting this action because of the willfulness of the infringement and the exceptional nature of the case; and

F.     That the Court award Plaintiff such other relief as it deems just and proper.


Dated:  September 15, 2014          By:     *s/ Julianna G. Deligans*
                                            Julianna G. Deligans, OBA No. 19792
                                            HALL ESTILL HARDWICK GABLE
                                                GOLDEN & NELSON, P.C.
                                            100 North Broadway, Suite 2900
                                            Oklahoma City, OK  73102-8865
                                            Telephone:  (405) 553-2810
                                            Facsimile:  (405) 553-2855
                                            E-mail:  jdeligans@hallestill.com


                                            FELICIA J. BOYD, Bar No. 186168
                                            (*Pro Hac Vice Pending*)
                                            BARNES & THORNBURG LLP
                                            225 South Sixth Street, Suite 2800
                                            Minneapolis, MN  55402
                                            Telephone:  (612) 333-2111
                                            Facsimile:  (612) 333-6798
                                            E-mail:  fboyd@btlaw.com

                                            **Attorneys for Plaintiff,**
                                            **WELLS FARGO & COMPANY**